UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESANIEL MARRERO,<br><br>               Plaintiff,<br><br>    v.<br><br>MJ MINISTRIES SPREADING THE GOSPEL, INC. d/b/a SPREAD THE GOSPEL,; and YAKIM MANASSEH JORDAN A.K.A. PROPHET MANASSEH JORDAN,<br><br>               Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq. ("TCPA")**<br><br>**DEMAND FOR JURY** |

Plaintiff Jesaniel Marrero ("Plaintiff" or "Mr. Marrero"), by his undersigned counsel, brings this action against MJ Ministries Spreading the Gospel, Inc. d/b/a Spread the Gospel ("MJ Ministries") and Yakim Manasseh Jordan a.k.a Prophet Manasseh Jordan (Collectively "Defendants") to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

### I.    NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by Plaintiff's attorneys.

3.     Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

4.     Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, representatives, and insurers of the Defendants named.

5.     Plaintiff alleges that Defendants placed prerecorded telemarketing calls to his cellular telephone number to solicit donations to their faith-based organization.

6.     Defendants did so without Plaintiff's consent, which is prohibited by the TCPA.

## II.     PARTIES

7.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of Montgomery County, Pennsylvania. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.     Defendant MJ Ministries Spreading the Gospel, Inc. is a Georgia Nonprofit Corporation formed under the laws of the State of Georgia with a principal place of business located at 400 West Peachtree Street NW, Suite #4, 1272, Atlanta, Georgia 30308.

9.     Defendant Yakim Manasseh Jordan a.k.a. Prophet Manasseh Jordan is a natural person and a citizen of the United States who owns, directs, controls, or is otherwise closely entangled with Defendant MJ Ministries Spreading the Gospel, Inc.

10.     Defendants are each, and at all times mentioned herein have been, a "person" as defined by 47 U.S.C. § 153(39). At all times relevant herein, Defendants conducted business in the State of Pennsylvania and in the County of Montgomery, and within this judicial district.

### III.     JURISDICTION & VENUE

11. The Court has federal question subject matter jurisdiction over the Plaintiff's TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

12. The Court has personal jurisdiction over Defendants because they have submitted to Pennsylvania jurisdiction by targeting Pennsylvanian citizens to solicit donations.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls at issue were made to a Pennsylvanian citizen residing in Montgomery County.

### IV.     TCPA BACKGROUND

14. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

15. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

16. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

### V.     FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Defendants**

17. MJ Ministries was formed on October 16, 2017. It is a faith-based Nonprofit Corporation that uses telemarketing as one of its primary means to solicit donations from individual consumers like the Plaintiff.

18.     Key to MJ Ministries' strategy for soliciting donations is the use of automated or prerecorded messages.

19.     MJ Ministries makes most of its calls using "spoofed" telephone numbers to mask its identity.

20.     On September 13, 2016, after numerous FCC complaints, Defendant Prophet Manasseh Jordan was cited by the FCC for prerecorded message violations.[1] Indeed, both Defendants MJ Ministries and Prophet Manasseh Jordan have been involved in various lawsuits around the country for their blatant violations under the FTCPA.

21.     Even so, Defendants have continued to disturb individual consumers like the Plaintiff with unsolicited—and unwelcomed—telephone calls using an ATDS and/or prerecorded voicemails without the consent required under the FTCPA.

**B.     Factual Allegations Regarding Calls to Mr. Marrero**

22.     Mr. Marrero's telephone number, (XXX) XXX-1656, is a personal telephone number assigned to a cellular telephone service.

23.     Mr. Marrero's cellular telephone number is used for domestic purposes only and is not associated with any businesses.

24.     Mr. Marrero has no association with the Defendants and never consented to receive calls from them.

25.     In late 2020, Mr. Marrero began receiving unsolicited telemarketing calls from Defendants. These unwelcomed calls continued into 2021.

26.     In or around February 2021, Mr. Marrero received a telemarketing call from Defendants on his cellular telephone, (XXX) XXX-1656.

27.     Mr. Marrero did not answer the call, as it is his practice not to answer calls from unidentified callers. Therefore, he let the call go to voicemail.

---

[1] FCC Issues Citation to Manasseh Jordan for Robocalls to Cell Phones | Federal Communications Commission.

28.     The call consisted of a prerecorded message from an individual who identified himself as "Pastor" and instructed the Plaintiff to press designated numerical buttons.

29.     The call was initiated for purposes of soliciting donations to MJ Ministries.

30.     Mr. Marrero continued to receive prerecorded calls to his cellular telephone, (XXX) XXX-1656, from MJ Ministries.

31.     Since February 2021, Mr. Marrero has received at least forty-six (46) prerecorded calls from Defendants:

- On February 21, 2021 – calling from the number (484) 750-6568;
- On March 26, 2021 – calling from the number (832) 952-3094;
- On March 29, 2021 – calling from the number (586) 722-9223;
- On April 4, 2021 – calling from the number (504) 617-4367;
- On April 5, 2021 – calling from the number (865) 292-2497;
- On April 12, 2021 – calling from the number (401) 856-9334;
- On April 18, 2021 – calling from the number (941) 828-5206;
- On April 23, 2021 – calling from the number (325) 387-3540;
- On May 2, 2021 – calling from the number (352) 689-8348;
- On May 9, 2021 – calling from the number (704) 994-8380;
- On May 10, 2021 – calling from the number (818) 936-4720;
- On May 15, 2021 – calling from the number (478) 276-7537;
- On May 16, 2021 – calling from the number (315) 398-5295;
- On May 23, 2021 – calling from the number (304) 960-4812;
- On May 24, 2021 – calling from the number (667) 292-1401;
- On May 29, 2021 – calling from the number (959) 215-1237;
- On May 30, 2021 – calling from the number (336) 609-5419;
- On June 2, 2021 – calling from the number (443) 238-3045;
- On June 4, 2021 – calling from the number (201) 937-1001;
- On June 7, 2021 – calling from the number (360) 722-5694;

- On June 13, 2021 – calling from the number (941) 716-8551;
- On June 20, 2021 – calling from the number (731) 248-1474;
- On June 27, 2021 – calling from the number (865) 378-1869;
- On June 30, 2021 – calling from the number (845) 791-3165;
- On July 2, 2021 – calling from the number (364) 200-8420;
- On July 4, 2021 – calling from the number (475) 216-6095;
- On July 7, 2021 – calling from the number (720) 739-9632;
- On July 11, 2021 – calling from the number (220) 270-7980;
- On July 12, 2021 – calling from the number (402) 993-3728;
- On July 18, 2021 – calling from the number (318) 767-4318;
- On July 21, 2021 – calling from the number (281) 231-0807;
- On July 23, 2021 – calling from the number (224) 339-5110;
- On July 25, 2021 – calling from the number (424) 488-0545;
- On August 4, 2021 – calling from the number (323) 205-1168;
- On September 30, 2021 – calling from the number (484) 271-1435;
- On October 3, 2021 – calling from the number (269) 487-3019;
- On October 6, 2021 – calling from the number (641) 454-9314;
- On October 8, 2021 – calling from the number (469) 562-0339;
- On October 10, 2021 – calling from the number (938) 336-5488;
- On October 11, 2021 – calling from the number (415) 363-0442;
- On October 17, 2021 – calling from the number (609) 710-0010;
- On October 22, 2021 – calling from the number (717) 845-6303;
- On November 5, 2021 – calling from the number (612) 246-4972;
- On November 12, 2021 – calling from the number (414) 786-8659;
- On November 17, 2021 – calling from the number (631) 888-3003;
- On November 22, 2021 – calling from the number (484) 750-6568;

32. Each call consisted of an identical prerecorded messages from an individual who identified himself as "Pastor."

33. Each call was initiated for purposes of soliciting donations to Defendant.

34. Defendants used various caller ID numbers to place the prerecorded telemarketing calls to Mr. Marrero's cellular telephone.

35. Many of the prerecorded calls from Defendants were from a local Pennsylvania caller ID number to increase the likelihood that Mr. Marrero would answer.

36. For example, on February 21, 2021, MJ Ministries placed a prerecorded call to Mr. Marrero from caller ID (484) 750-6568.

37. Indeed, MJ Ministries placed a prerecorded call to Mr. Marrero's cellular telephone from caller ID (484) 750-6568 as recently as November 22, 2021.

38. Additionally, MJ Ministries has placed prerecorded calls to Mr. Marrero with caller ID numbers from various states, including, but not limited to Georgia, Texas, New York, Colorado, and Wisconsin.

39. Mr. Marrero has never consented to receiving calls from or on behalf of the Defendants.

40. Mr. Marrero has never visited MJ Ministries' location in Atlanta, Georgia, nor has he provided his cellular telephone number to MJ Ministries.

41. After almost a full year of receiving these unsolicited prerecorded calls from MJ Ministries, Mr. Marrero—in an attempt to determine who was calling him and put a stop to the incessant calls—followed MJ Ministries' voicemail instructions and provided a $50.00 online donation.

42. Mr. Marrero received a digital receipt for his donation that identified the recipient as "MJ Spreadin" with a transaction date of November 19, 2021.

43. The donation recipient listed as "MJ Spreadin" is in fact MJ Ministries Spreading the Gospel, Inc. d/b/a Spread the Gospel.

44.     MJ Ministries has continued to call Mr. Marrero even after his donation was received and verified.

45.     Mr. Marrero has been harmed by these calls. He was temporarily deprived of legitimate use of his phone during the donation calls and voicemails, and his privacy was improperly invaded by the Defendants. Moreover, these calls injured Mr. Marrero because they were frustrating, obnoxious, annoying, a nuisance, and disturbed his solitude.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)

46.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47.     The foregoing acts of the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to Plaintiff's cellular telephone using a prerecorded message.

48.     As a result of the Defendants' and/or their affiliates, agents, and/or other persons or entities acting on the Defendants' behalf regarding violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49.     If Defendants' conduct is found to be knowing or willful, Plaintiff is entitled to an award of up to treble damages.

50.     Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making prerecorded calls to his cellular telephone number in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

      A.      A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

      B.      Injunctive relief requiring Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, to cease all future unsolicited telephone calls to the Plaintiff's cellular telephone.

      C.      An award to Plaintiff of damages, as allowed by law;

      D.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: December 15th, 2021.

                    Respectfully submitted,

                    */s/ Jeremy C. Jackson*
                    Jeremy C. Jackson (PA Bar No. 321557)
                    BOWER LAW ASSOCIATES, PLLC
                    403 S. Allen St., Suite 210
                    State College, PA 16801
                    Tel.: 814-234-2626
                    jjackson@bower-law.com