IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESANIEL MARRERO<br>    **Plaintiff,**<br>v.<br>MJ MINISTRIES SPREADING THE GOSPEL, INC.<br>    **Defendant.** | CIVIL ACTION NO. 21-5467 |

## MEMORANDUM OPINION

Plaintiff Jesaniel Marrero brought this action against Defendant MJ Ministries Spreading the Gospel, Inc. under the Telephone Consumer Protection Act ("TCPA"). Defendant has moved for summary judgment and to stay discovery on the ground that the Court lacks personal jurisdiction. Plaintiff has moved to compel Defendant's initial disclosures, discovery responses, and production of documents. For the reasons explained below, the Court will deny Defendant's motions for summary judgment and to stay discovery and will dismiss Plaintiff's motion to compel.

### I.   BACKGROUND[1]

Plaintiff is a resident of the Commonwealth of Pennsylvania. At all times relevant to this action, Plaintiff was physically present and residing in Pennsylvania. Defendant is a nonprofit faith-based corporation with its principal place of business in Atlanta, Georgia.

Since February 2021, Plaintiff has received at least 46 prerecorded phone calls from "spoofed telephone numbers," some of which have carried Pennsylvania area codes.[2] Each call has consisted of an identical prerecorded message from an individual who identifies himself as

---

[1] The following facts are undisputed or viewed in the light most favorable to Plaintiff who, for purposes of summary judgment, is the non-moving party.

[2] Compl. [Doc. No. 1] ¶¶ 19, 31.

"Pastor" and instructs Plaintiff to press designated numerical buttons.[3] After nearly one year of receiving the prerecorded calls and voicemails, Plaintiff attempted to stop the unwanted communications by following the prerecorded instructions and, as instructed, making a $50 online donation.[4] Plaintiff subsequently received a digital receipt listing "MJ Spreadin'" as the recipient.[5] Despite the donation, Plaintiff has continued to receive the prerecorded calls.[6]

Aside from making this single donation, Plaintiff has no affiliation with Defendant. Plaintiff has never visited Defendant's Georgia location, he never consented to receive calls from Defendant, and he did not provide Defendant with his phone number.[7] To the best of Plaintiff's knowledge, his phone number is used only for domestic purposes and is not associated with any business or entity.[8]

## II. DISCUSSION

### A. Personal Jurisdiction

As a threshold matter, "[d]ismissing a claim for lack of personal jurisdiction is more appropriately done by way of Rule 12(b)(2) of the Federal Rules of Civil Procedure, rather than Rule 56."[9] Nonetheless, "[i]f the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought."[10]

---

[3] Compl. [Doc. No. 1] ¶¶ 28, 32.

[4] Compl. [Doc. No. 1] ¶ 41.

[5] Compl. [Doc. No. 1] ¶ 42.

[6] Compl. [Doc. No. 1] ¶ 44.

[7] Compl. [Doc. No. 1] ¶ 24, 40.

[8] Compl. [Doc. No. 1] ¶ 23.

[9] *Marten v. Godwin*, 499 F.3d 290, 295 n.2 (3d Cir. 2007) (citations omitted).

[10] *Id.* (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990)). As Defendant raised lack of personal jurisdiction in its Answer and Affirmative Defenses, it has not waived this defense. *See* Answer [Doc. No. 6] at 6 ¶ 2; *see* Fed. R. Civ. P. 12(h)(1)(B).

Summary judgment is warranted if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[12] A "genuine" dispute over material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13] To evaluate a motion for summary judgment, the court must "view the facts in the light most favorable to the non-moving party" and draw "all reasonable inferences in that party's favor."[14] The non-moving party must support its opposition to the motion by pointing to evidence in the record.[15]

When a defendant raises lack of personal jurisdiction, the burden shifts to the plaintiff to establish "with reasonable particularity sufficient contacts between the defendant and the forum state."[16] The Court must determine whether, under the Due Process Clause, a defendant has sufficient minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[17] Specific personal jurisdiction permits a court to exercise personal jurisdiction over a nonresident defendant for forum-related activities.[18] The minimum contacts requirement is satisfied where: (1) the nonresident defendant

---

[11] Fed. R. Civ. P. 56(a).

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[13] *Id.*

[14] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citation omitted).

[15] *Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986).

[16] *Provident Nat.'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citation omitted). "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).

[17] *O'Connor*, 496 F.3d at 316-17 (quotation marks and citation omitted). The Pennsylvania long-arm statute "provides for jurisdiction 'based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States.'" *Id.* at 316 (citations omitted).

[18] *See id.* at 316-17. The Court will not address general personal jurisdiction, as "Plaintiff agrees with Defendant [that] the Court does not have general personal jurisdiction over MJ Ministries." Pl.'s Opp. Mot. Summ. J. [Doc. No. 14] at 5 n.2.

"purposefully directed [its] activities" at the forum;[19] (2) the litigation "'arise[s] out of or relate to' at least one of those activities;"[20] and (3) the defendant's contacts within the forum state are "such that [it] should reasonably anticipate being haled into court there."[21]

For a suit to "arise out of or relate to" the defendant's contacts with the forum, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State . . . ."[22] "The primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum State."[23]

Defendant contends that it has never made or authorized telemarketing calls as a means to solicit donations, and that it conducts no business in Pennsylvania. Plaintiff alleges that Defendant authorized the "Pastor" to solicit donations on its behalf and is thus vicariously liable for the prerecorded calls made to Plaintiff. Plaintiff avers that the "Pastor" is Yakim Manasseh Jordan, whom Plaintiff had initially named as a defendant in this action but later dismissed.[24]

Defendant concedes that Jordan was cited by the Federal Communications Commission in 2016 for TCPA violations similar to those alleged here.[25] However, Defendant argues that Jordan has only a limited relationship with Spreading the Gospel, in that Jordan's brother is a member of Defendant's board, and that Defendant had "agreed to help repay some of. . . Jordan's debts. . . up to $475,000."[26] Defendant states that, "as a measure of paying back [Defendant],"

---

[19] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citation omitted).

[20] *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

[21] *Burger King*, 471 U.S. at 474 (citation omitted).

[22] *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[23] *Id.* at 1779 (citing *Walden v. Fiore*, 571 U.S. 277, 283-86 (2014)).

[24] Pl.'s Notice Voluntary Dismissal [Doc. No. 5].

[25] Answer [Doc. 6] ¶ 20; *see* Compl. [Doc. No. 1] ¶ 20, n.1.

[26] Def.'s Br. Supp. Mot. Summ. J. [Doc. No. 13-1] ¶ 8.

Jordan agreed to place on his website a donation link from which "donations [would] go to MJ Spread."[27]

The FCC's rules implementing the TCPA "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."[28] "Calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call."[29] Although a seller "does not generally 'initiate' calls made through a third-party telemarketer within the meaning of the TCPA, it nonetheless may be held variously liable under federal common law principles of agency for violations of" Section 227(b)."[30]

Plaintiff has alleged that Defendant is vicariously liable for the calls made by Jordan, which would establish the requisite minimum contacts with Pennsylvania to give rise to personal jurisdiction.[31] Although Defendant denies the existence of a principal-agent relationship, it lends credence to a claim of actual authority by acknowledging its reimbursement arrangement with Jordan, whereby Defendant permitted Jordan to collect online donations on its behalf.[32] In addition, Defendant has not disputed Plaintiff's assertion that the prerecorded phone prompts led Plaintiff to make an online donation that was immediately transferred to "MJ Spreadin.'"

---

[27] Def.'s Br. Supp. Mot. Summ. J. [Doc. No. 13-1] ¶ 9; Ex. B [Doc. 13-3].

[28] *In the Matter of Rules and Regul. Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (citing 47 C.F.R. § 64.1200(e)(2)(iii)).

[29] *Id.* (same).

[30] *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois, N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act Rules*, 28 F.C.C. Rcd. 6574, 6574 ¶ 1 (2013) (citation omitted); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016) (finding "no cause to question" the FCC's determination regarding vicarious liability under the TCPA).

[31] *See Newell v. Strategic Admin. Grp., Inc.*, No. 20-967, 2020 WL 12770854, at *2 (E.D. Pa. May 6, 2020) (citing *Abramson v. Agentra, LLC*, No. 18-615, 2018 WL 6617819, at * 4 (W.D. Pa. Dec. 18, 2018); *Shelton v. Nat. Gas & Elec., LLC*, No. 17-4063, 2019 WL 1506378, at *7 (E.D. Pa. Apr. 5, 2019) ("In TCPA cases, courts generally find that specific personal jurisdiction exists when a defendant sends a message into the forum state by targeting a phone number in that forum.").

[32] *See* Restatement (Third) of Agency § 2.01 (An agent acts with actual authority when, "at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.").

Because Plaintiff has presented "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite contacts between [the party] and the forum state," Plaintiff is entitled to conduct discovery to determine whether Defendant authorized Jordan to use telemarketing as a means to solicit donations, resulting in more than 40 calls to Pennsylvania.[33]

### B. Defendant's Motion to Stay Discovery

Defendant has moved to stay discovery pending (1) the Court's decision as to whether this matter has settled and, in the alternative, (2) the Court's ruling on Defendant's motion for summary judgment.[34]

Defendant claims that the parties settled this matter before Judge Wells on July 19, 2021.[35] However, Plaintiff plainly states in his briefing that he "did not agree to a settlement with Defendant at the settlement conference."[36] Judge Wells has not dismissed the case as settled, and as Defendant has not established that a binding settlement was reached, the case therefore will proceed. As the Court has now ruled on the jurisdictional motion, there is no basis for a stay.[37]

### C. Plaintiff's Motion to Compel

In his Motion to Compel, Plaintiff argues that despite reasonable efforts made in good faith, Defendant has neither served its Rule 26 initial disclosures nor participated in the discovery process. Plaintiff requests an order compelling Defendant to (1) serve its initial

---

[33] *Eurofins Pharma US Holdings v. BioAlliance Pharma SA,* 623 F.3d 147, 157 (3d Cir. 2010) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003)) (alteration in original).

[34] Def.'s Mot. Stay [Doc. No. 23] at ECF page 4.

[35] Def.'s Mot. Stay [Doc. No. 23] at ECF page 3.

[36] Pl.'s Opp. Mot. Stay [Doc. No. 24] at 4.

[37] *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay.") (citation omitted).

disclosures pursuant to Rule 26(a); (2) designate a Rule 30(b)(6) witness and order a date certain for the deposition to occur; (3) respond to and answer the interrogatories and Rule 34 requests served by Plaintiff; and (4) produce documents by a date certain in response to those requests. In addition, Plaintiff requests that the Court order sanctions in the form of attorneys' fees incurred by Plaintiff in bringing this motion, in the amount of $2,755.

Having just resolved Defendant's motion for summary judgment and motion to stay, the Court will dismiss as moot Plaintiff's motion to compel, as discovery may now proceed in earnest. Importantly, however, the Court notes Plaintiff's repeated, good-faith attempts to resolve the discovery dispute, and Defendant's refusal based on its assertion of a settlement. The Court therefore directs the parties to firmly adhere to the deadlines in the revised scheduling order, to which no extensions shall be granted absent good cause.

### III.   CONCLSUION

For the reasons stated above, Defendant's motions for summary judgment and to stay discovery will be denied, and Plaintiff's motion to compel will be dismissed as moot. An appropriate order follows.